UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| | } | |
| GRETCHEN LOUISE ROTHWELL-ADCOCK | } | CASE NO. 11-81171-JAC-7 |
| SSN: XXX-XX-3681 | } | |
| | } | CHAPTER 7 |
| | } | |
| Debtor(s). | } | |

**MEMORANDUM OPINION**

This case is before the Court on motion filed by Ronald T. Molitor ("Molitor"), as personal representative of the estate of Lilly H. Molitor, deceased, for relief from stay to proceed with two state court actions and to enforce a judgment lien in debtor's non-exempt real and tangible property. This memorandum opinion supplements the findings of facts and conclusions of law dictated into the record in open court on May 23, 2011.

On March 25, 2011, debtor filed the above styled petition. The debtor was involved in two state court actions on the petition date:

1. On September 10, 2010, the Circuit Court of Madison County, Alabama entered partial summary judgment, in favor of Ronald T. Molitor, as the executor for the estate of Lilly H. Molitor, and against the debtor, in the sum of $83,408.67. The order was certified as final under FED.R.CIV.P. 54(b). The debtor appealed this judgment to the Alabama Supreme Court and Molitor seeks to lift the stay to permit debtor's appeal and that action to go forward.

2. On September 13, 2010, Molitor recorded a certificate of judgment in the office of the Probate Judge of Madison County, Alabama, based on the September 10, 2010 judgment. Molitor recorded the certificate of judgment more than 90 days before the petition date. The certificate of

judgment is styled in the Circuit Court of Madison County, Alabama in the names of "Ronald T. Molitor, as personal Representative of the Estate of Lilly H. Molitor, Deceased vs. Gretchen R. Adcock."  The clerk of the circuit court certified that Molitor had recovered a judgment against Adcock "for the sum of $83,408.67, plus court costs, and that S. Dagnal Rowe" was Molitor's attorney of record.  Molitor seeks to enforce this judgment lien on the debtor's non-exempt real and tangible personal property.

3.  On the petition date, the debtor was also a defendant in a lawsuit pending in the Circuit Court of Madison County, Alabama, CV2008-900525 which involved the domestication of an order of the Court of Common Pleas of Brown County, Ohio.  The debtor has appealed the final order of domestication entered by the circuit court.   Molitor seeks relief from the stay to proceed with the action.

Counsel for the debtor consented to the entry of relief from stay as it relates to the domestication order.  The Court will, therefore, only address the lift stay motion as it relates to the September 10, 2010 judgment which is pending on appeal and the corresponding certificate of judgment.

Debtor argues that the motion to lift stay is simply an effort by Molitor to collect on a partial summary judgment order and asserts that the certificate of judgment filed on September 13, 2010 is fatally defective under ALA. CODE § 6-9-210 which reads in full as follows:

> **§ 6-9-210. Certificate of clerk or register to be filed with probate judge; registration and indexing by probate judge.**
>
> The owner of any judgment entered in any court of this state or of the United States held in this state may file in the office of the judge of probate of any county of this state a certificate of the clerk or register of the court by which the judgment was entered, which certificate shall show the **style of the court** which entered the judgment, the **amount and date thereof**, the **amount of costs**, the **names of all**

**parties thereto** and the **name of the plaintiff's attorney** and shall be registered by the judge of probate in a book to be kept by him for that purpose, which said register shall also show the date of the filing of the judgment. Said judge shall make a proper index to said book, which shall also show under the proper letter or letters of the alphabet the names of each and every defendant to said judgment, and such judgments shall be recorded in chronological order of the filing of such judgments. Such certificate shall also show the **address of each defendant or respondent**, as shown in the court proceedings.

ALA. CODE 1975 § 6-9-210 (emphasis added).

Debtor argues that the certificate of judgment is fatally defective under ALA. CODE § 6-9-210 on the grounds that the certificate: (1) does not show the appropriate case style because it does not include the names of all parties thereto; and (2) included court costs even though none were awarded.

The Alabama Supreme Court has explained that to create a lien on the property of a defendant, a certificate of judgment must be filed in the office of the probate judge of the county in which the property is situated and must show the following:

> (1) the style of the court which entered the judgment, (2) the amount and date thereof; (3) the amount of costs, (4) the names of the parties thereto, (5) the name of the plaintiff's attorney, and (6) the address of each defendant or respondent, as shown in the court proceedings.

*Ball v. Mississippi Valley Title Ins. Co.*, 362 So.2d 894, 897 (Ala. 1978), *Bowman v. SouthTrust Bank of Mobile,* 551 So.2d 984 (Ala. 1989). These statutory requirements must be strictly observed. *Id.* In this case, the certificate of judgment clearly stated the style of the court which entered the judgment, the amount and date of the judgment, the name of the plaintiff's attorney, and the address of the judgment debtor.

Debtor argues that the style of the case is fatally defective because it did not include the names of all the parties to the action. The plaintiffs in the action were "Barbara K. Vogelpohl, not

individually but as Administrator of the Estate of John A. Molitor, Deceased, and Ronald T. Molitor, not individually but as Personal Representative of the Estate of Lilly H. Molitor, Deceased." The defendants to the action were "Jackie Rothwell, Todd Adock, and Gretchen R. Adcock." Although there were numerous parties to the action, the September 10, 2010 order granting partial summary judgment for $83,408.67 was entered "in favor of Ronald T. Molitor, as the Executor for Lilly's Estate, and against Gretchen Adcock."

It is clear under Alabama case law that a certificate of judgment is not required to list the names of each of the parties to the action. The names of the parties to the judgment will suffice. In *Ladd v. Smith*, 95 So. 280 (Ala. 1923), the Supreme Court of Alabama held that the requirement that the certificate show "the names of the parties thereto" "refers to the parties to the judgment or decree not necessarily to the parties to the cause." *Ladd,* 95 So. at 281. A certificate of judgment is, however, fatally defective if all of the "parties to the judgment" are not named in the certificate of judgment. *See Parker v. Mauldin*, 353 So.2d 1375 (Ala. 1978). The Office of the Attorney General State of Alabama, 232 Ala. Op. Atty. Gen. 50, 1993 WL 764427 (Ala. A.G. 1993), has interpreted *Ladd* and *Parker* to stand for the proposition that a certificate of judgment as described in ALA. CODE § 6-9-210 must show the names of the "parties to the judgment" and the address of each judgment debtor, not the names of all "parties to an action" and only the address of the judgment debtor. Based upon the foregoing, the Court finds that the certificate of judgment in this action satisfies the requirement in ALA. CODE § 6-9-210 that a certificate "shall show . . . the names of all parties thereto" where the certificate listed both the plaintiff and defendant to the judgment while omitting as surplusage the additional parties to the action. Accordingly, the Court finds that

the certificate of judgment correctly listed the parties to the judgment and the address of the judgment debtor in compliance with ALA. CODE § 6-9-210.

The certificate of judgment provides that judgment was entered against the debtor "without waiver of exemptions for the sum of $83,40.67, plus court costs." As the debtor asserts, the order dated September 10, 2010 did not, however, provide for court costs. Debtor insists that this error renders the certificate of judgment fatally defective. A review of Alabama case law reveals that the omission of a statement of court costs assessed against the judgment debtor does not preclude the creation of a lien in the judgment creditors favor for the amount of the judgment stated. *Bowman v. SouthTrust Bank of Mobile,* 551 So.2d 984 (Ala. 1989). In *Bowman*, the bankruptcy court entered judgment in favor of the plaintiff in the amount of $62,250 plus court costs and attorney fees. The certified copy of the judgment showed that the judgment was entered in the amount of "$62,250, plus court costs and attorney fees." The Supreme Court of Alabama held that the certified judgment was sufficient to create a lien against the judgment debtor's property in the amount of $62,250. It could not be said however that the certified copy of the judgment constituted a lien for the amount of the court costs and attorney fees as those amounts were not set out in the certified copy. Nevertheless, the court reiterated that it did not view the omission of a statement of these amounts as precluding the creation of a lien in favor of the judgment creditor for the amount of the stated judgment. The court noted "that the statutory requirement that the contents of the certificate of judgment be strictly observed must be viewed in relation to the purpose of that requirement" which is "to provide notice of the judgment to anyone searching title to the real property." *Bowman*, 551 So.2d at 987. *See also Scott v. Hales*, 545 So.2d 1058 (Ala. 1991)(finding that certificates of judgment were not sufficient to create a lien for the amount of court costs assessed where the amount

was not set out in the certificates of judgment, but the omission of costs did not preclude a lien in plaintiff's favor for the amount of each judgment stated). Based upon the reasoning of *Bowman* and *Scott*, the Court finds that the certificate of judgment in this case created a lien in favor of Molitor against the debtor's property in the amount of $83,40.67 notwithstanding the clerical error of adding the words "plus court costs" when none were awarded.

The Court having found that the certificate of judgment which was recorded more than 90 days before the petition date is not fatally defective, finds that the stay is due to lift in favor of Molitor to proceed with the pending state court actions and to enforce the lien created by the certificate of judgment. Both actions are pending in state court and involve issues of state law. This is a no asset case, therefore, allowing the state court actions to proceed will not prejudice the rights of the debtor nor any other creditor, and the trustee has not objected to the stay lifting.

A separate order in conformity with this opinion will be entered contemporaneously herewith.

Done and Ordered this day June 1, 2011

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge


JAC/mhb
xc:  Debtor(s)
     William E. Bright, Jr., attorney for debtor(s)
     S. Dagnal Rowe, attorney for creditor
      trustee